IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| v.  : | CRIMINAL ACTION NO. |
| : | 1:01-CR-0303-JOF |
| : | |
| RAMONE JOSEPH MAURICE, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion for appointment of counsel [62-1] and Petitioner's motion to modify illegal sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) [63-1].

After a trial, Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), and of possession of cocaine with the intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and 851. The jury acquitted Petitioner of Count Two of the indictment – felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). Petitioner was sentenced on September 21, 2001, to three hundred sixty (360) months' imprisonment, eight (8) years' supervised released, and a $200 special assessment. Petitioner's 360-month sentence was imposed concurrently as to both counts. The Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal, and the

United States Supreme Court denied a writ of certiorari on October 7, 2002. Proceeding *pro se*, Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In an order dated April 7, 2004, the court denied Petitioner's motion. The court then denied Petitioner's motion for a certificate of appealability. The Court of Appeals also denied Petitioner's motion for a certificate of appealability.

On June 23, 2005, Petitioner filed the instant motion to modify illegal sentence. In his motion, Petitioner contends that his constitutional rights were violated because the court – and not a jury – determined that Petitioner was an armed career offender. Petitioner also asserts that he received an illegal "general sentence."

As an initial matter, the court finds that Petitioner cannot overcome the procedural obstacles to bring this motion because he did not raise any of these issues on direct appeal or in his § 2255 motion. In any event, on its merits Petitioner's motion cannot succeed. The Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), issued prior to Petitioner's conviction becoming final, does not apply to the facts of a prior conviction. *Id.* at 490. *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), issued after Petitioner's conviction became final in 2002, do not apply retroactively on collateral review. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004).

Petitioner also seems to contend that his sentence is illegal because the indictment provided to the jury was redacted so as to constitute a constructive amendment of the indictment. The indictment provided to the jury was redacted to eliminate the description of

2

Petitioner's previous convictions so as not to prejudice Petitioner in light of his stipulation that he was a felon. The redaction was for Petitioner's benefit and in light of the stipulation did not improperly violate the obligation of the Government to prove each element of the crime, as contended by Petitioner.

The court finds that Petitioner was not given a "general sentence." *See Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000) ("A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all of the counts but does exceed the maximum allowable sentence on one of the counts."). Here, Petitioner was given the minimum of his Guideline range from 360 months to life in prison. Petitioner's 360-month sentence is to run concurrent as to both counts.

AO 72A
(Rev.8/82)

For the foregoing reasons, the court DENIES Petitioner's motion to modify illegal sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) [63-1] and DENIES AS MOOT Petitioner's motion for appointment of counsel [62-1].

**IT IS SO ORDERED** this 14th day of October 2005.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)