IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:01-CR-0303-JOF |
| | : | |
| RAMONE JOSEPH MAURICE, | : | CIVIL ACTION NO. |
| | : | 1:07-CV-0859-JOF |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 [65-1].

Petitioner Ramone Joseph Maurice was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), and of possession of cocaine with the intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and 851. The jury acquitted Petitioner of Count Two of the indictment – felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). Petitioner was sentenced to 360 months' imprisonment, eight years' supervised release, and a $200 special assessment. Petitioner filed a direct appeal, and his conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit on April 23, 2002. The United States Supreme Court denied a writ of certiorari on October 7, 2002.

AO 72A
(Rev.8/82)

Petitioner filed his first § 2255 motion on July 17, 2003. In that motion, Petitioner contended that his trial counsel was ineffective for (a) failing to request limiting instructions with respect to Petitioner's felony stipulation and (b) failing to object to the "multiplicitous" counts of Count One and Two of his indictment. Petitioner also avers that the court did not have jurisdiction to find him guilty of Count One of the indictment because the Government did not prove his possession of the firearm affected interstate commerce and did not show that at the time the firearm traveled in interstate commerce Petitioner was a felon. Finally, Petitioner contends that his appellate counsel was ineffective for failing to raise the interstate commerce argument on appeal. In an order dated April 7, 2004, the court denied Petitioner's § 2255 motion. The court denied Petitioner's motions for a certificate of appealability and to proceed in forma pauperis on appeal. The Eleventh Circuit also denied Petitioner's motion for a certificate of appealability and his motion for reconsideration of that order.

Petitioner then filed a motion to modify illegal sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and 28 U.S.C. § 1651. Petitioner contended that his constitutional rights were violated because the court – and not a jury – determined that Petitioner was an armed career offender. Petitioner also asserted that he received an illegal "general sentence." In an order dated October 14, 2005, the court denied Petitioner's motion.

Petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on April 16, 2007. In this most recent motion, Petitioner contends that his counsel was ineffective for failing to (1) file a motion to dismiss indictment based on the Speedy Trial Act, (2) file a motion for acquittal on the basis of insufficient evidence, (3) move for severance on the firearm charges, (4) object to the Government's assertion at trial that Petitioner was a felon in possession of a firearm, (5) appeal the district court's denial of his motion to suppress, and (6) argue that a 360-month sentence violated Petitioner's Sixth Amendment rights. Petitioner asserts that the instant motion is timely because the Supreme Court asserted new substantive rules of constitutional law in *Zedner v. United States*, ___ U.S. ___, 126 S. Ct. 1976 (2006), and *Dodd v. United States*, 545 U.S. 353 (2005).

As the court described in reviewing the procedural history of Petitioner's criminal case and post-trial proceedings, however, the more pressing issue for Petitioner's motion is that he filed his first § 2255 motion on July 17, 2003. Thus, the instant § 2255 is second or successive. Under 28 U.S.C. § 2244(b)(3), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* That is, no matter what the reason for Petitioner's successive habeas petition – here, apparently, Petitioner contends that at least some aspect of his Speedy Trial

-3-

Act claim is based on recent Supreme Court authority[1] – Petitioner must first seek permission from the Court of Appeals for the Eleventh Circuit before filing a successive petition in this court. The Eleventh Circuit then determines whether Petitioner's successive motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶ 7.

Because Petitioner did not first seek leave of the United States Court of Appeals for the Eleventh Circuit before filing the instant successive § 2255 motion, the court DENIES Petitioner's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 [65-1].

SO ORDERED, this 31st day of October 2007.

s/ J. Owen Forrester<br>
J. OWEN FORRESTER<br>
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court notes, however, that while *Zedner* addressed substantive issues of the Speedy Trial Act, the court has found no case law which suggests that it should apply retroactively on collateral appeal. *Dodd* holds only that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right and not from the date on which the right asserted was made retroactively applicable.